UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFF DAVIES,

      Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Case No:   6:15-cv-21-Orl-22GJK

RICK SCOTT, PAM BONDI, RICK
SWEARINGEN and PATRICIA
NELSON,

      Defendants.

## REPORT AND RECOMMENDATION

On January 7, 2015, Plaintiff, who is proceeding *pro se*, filed a complaint (the "Complaint") against Defendants in their official capacities, and Defendants moved to dismiss the Complaint. Doc. Nos. 1; 16. On August 11, 2015, the Court entered an order granting Defendants' motion to dismiss, dismissed the Complaint without prejudice, and granted Plaintiff leave to file an amended complaint on or before September 1, 2015. Doc. No. 30. The Court admonished Plaintiff that the "amended complaint shall not serve as an opportunity to add new claims." *Id*. at 10-11. Plaintiff did not file an amended complaint by the September 1, 2015 deadline.

On September 10, 2015, Plaintiff filed a Motion for Additional Time to File an Amended Complaint and to Add a Further Defendant (the "Motion"). Doc. No. 31. The Motion was filed after September 1, 2015, therefore Plaintiff had to demonstrate that his failure to act was caused by excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Plaintiff requested additional time to file his amended complaint "due to an unanticipated combination of circumstances – including his emergency hospitalization." Doc. No. 31 at 1. Plaintiff, though, provided no evidence

demonstrating that he was hospitalized following the Court's order, and that his hospitalization prohibited him from filing his amended complaint on or before September 1, 2015.  *See* Doc. No. 31.  Given the lack of supporting evidence, on September 21, 2015, the undersigned found Plaintiff had not demonstrated excusable neglect.  Doc. No. 33.  Consequently, the undersigned entered an order denying the Motion, but granted Plaintiff "one final opportunity" to file an amended motion with documentation supporting his claim that he was unable to file an amended complaint by September 1, 2015, due to his condition and/or hospitalization.  *Id*. at 2-3.

On September 22, 2015, Plaintiff filed a Response to the Court's Order of September 21, 2015 (the "Response").  Doc. No. 34.  In it, Plaintiff explains that he was hospitalized on August 6, 2015, due to cardiac issues, and discharged on August 11, 2015.  *Id*. at 1-2.[1]  Plaintiff also explains that his wife, who is dyslexic, informed him of the Court's order and indicated that he had until September 11, 2015, to file an amended complaint.  *Id*. at 2.  Notwithstanding these explanations, Plaintiff represents:

> [H]e is unable to file a renewed motion in which he is required to argue that [his hospitalization] prevented him from filing an amended complaint by September 1[, 2015].  It did not.  It resulted from a mistaken belief that he had until September 11[, 2015] to do so.  He has to admit that he deliberately chose not to address the Court's Order until he felt he had to.  This decision, while associated with his condition, was a choice and not, strictly, the result of incapacity.

*Id*. at 3.  Plaintiff also represents that he did not read the order at issue until the first week of September.  *Id*. at 2.  In light of the foregoing, Plaintiff represents that he "is unable to provide an amended motion that would . . . avoid denial of his motion for additional time and to add a defendant."  *Id*. at 3-4.  Thus, Plaintiff concedes that he cannot demonstrate that his failure to file an amended complaint by September 1, 2015, was the product of excusable neglect.  Given

---

[1] Plaintiff provides no evidence in support of this representation.  *See* Doc. No. 34.

Plaintiff's concession, the undersigned recommends that the case be dismissed without prejudice for failure to prosecute.

Accordingly, it is **RECOMMENDED** that:

1. The case be **DISMISSED without prejudice**; and

2. The Clerk be directed to close the case.

A party waives the right to challenge on appeal a finding of fact or conclusion of law adopted by the district judge if the party fails to object to that finding or conclusion within fourteen days after issuance of the Report and Recommendation containing the finding or conclusion.

Recommended in Orlando, Florida on October 1, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy