UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JEFF DAVIES,

          Plaintiff,

v.                                               Case No:  6:15-cv-21-Orl-22GJKB

RICK SCOTT, PAM BONDI, RICK
SWEARINGEN, and PATRICIA
NELSON,

          Defendants.
_____/

## ORDER

This cause is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") that the Court dismiss Plaintiff's action without prejudice. (Doc. 35). Also before the Court is Plaintiff's response (Doc. 36), which the Court will construe as an Objection to the R&R. For the reasons stated herein, the Magistrate Judge's R&R will be adopted and confirmed.

### I. BACKGROUND

The R&R contains a comprehensive recitation of the procedural history of this case. (*See* Doc. 35). However, to briefly summarize, on August 11, 2015, the Court dismissed Plaintiff's original complaint and granted him leave to file an amended complaint "on or before September 1, 2015." (See Doc. 30 (the "Court's Order")). Nonetheless, Plaintiff failed to file an amended complaint, and moved for an enlargement of time on September 10, 2015. (*See* Doc. 31 ("Motion")). In his Motion, Plaintiff asserted—without providing any supporting evidence—that his failure to comply with the Court's Order was "due to an unanticipated combination of circumstances – including his emergency hospitalization." (Doc. 31 at 1). The Magistrate Judge entered an order denying Plaintiff's Motion, and gave him "one final opportunity" to provide

1

documentation demonstrating that his hospitalization prohibited him from timely filing an amended complaint. (Doc. 33 at 2 (the "Magistrate's Order")). On September 22, 2012, Plaintiff responded to the Magistrate's Order confessing that his hospitalization "did not" prevent him from timely filing an amended complaint; his failure to act resulted from his wife incorrectly informing him that he had until September 11, 2015, to file an amended complaint. (Doc. 34 at 2–4). Plaintiff also admitted that he waited until the first week of September to read the Court's Order, and that he was therefore "unable to provide an amended motion that would . . . avoid denial of his [M]otion." (*Id.* at 3–4).

## II.   LEGAL STANDARDS & DISCUSSION

District courts review de novo any portion of a magistrate judge's disposition of a dispositive motion to which a party has properly objected. Fed. R. Civ. P. 72(b)(3); *Ekokotu v. Fed. Express Corp.*, 408 F. App'x 331, 336 n.3 (11th Cir. 2011) (per curiam).[1] The district judge may reject, modify, or accept in whole or in part the magistrate judge's recommended disposition, among other options. Fed. R. Civ. P. 72(b)(3). De novo review of a magistrate judge's findings of fact must be "independent and based upon the record before the court." *LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

"Under Rule 6(b), where the specified period for the performance of an act has elapsed, a district court may enlarge the period and permit the tardy act where the omission is the 'result of excusable neglect.'" *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 391 (1993) (citing Fed. R. Civ. P 6(b)). Here, the Magistrate Judge issued an R&R recommending that this Court dismiss Plaintiff's action without prejudice because he failed to demonstrate that his failure to comply with the Court's Order constituted excusable neglect. (*See* Doc. 35). Plaintiff

---

[1] Unpublished Eleventh Circuit cases are persuasive, but not binding

objects to the R&R, arguing that his "combination of circumstances" constituted excusable neglect because he "truly believed that he had until September 11 to respond to the Court's Order." (*See* Doc. 36 at 1–2). The Court finds Plaintiff's argument unpersuasive.

While a court may, under appropriate circumstances, accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control, *Pioneer*, 507 U.S. at 388, the Supreme Court has never required courts to be lenient toward a litigant's inattentiveness. To allow a litigant, such as Plaintiff, to simply claim that he was unaware of a deadline conspicuously placed in a Court order would not only be nonsensical, it would condone inattentiveness and adversely affect court administration. After carefully reviewing Plaintiff's filings, the Court finds that his actions can only be classified as inexcusable inattentiveness, rather than excusable neglect, thereby warranting dismissal of his action.

Based on the foregoing, it is ordered as follows:

1. Plaintiff Jeff Davies Objection (Doc. 36) to the Magistrate Judge's Report and Recommendation is **OVERRULED**. The Magistrate Judge's Report and Recommendation (Doc. 35) is **CONFIRMED** and **ADOPTED** as part of this Order.

2. Plaintiff's Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk is **DIRECTED** to close this case.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on November 23, 2015.

ANNE C. CONWAY
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties